NUMBER 13-03-726-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

GUADALUPE T. RIVERA,                                                               Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

On appeal from the 24th District
Court of De Witt County, Texas.

 

MEMORANDUM OPINION

 

                          Before
Justices Yañez, Castillo, and Garza

                            Memorandum
Opinion by Justice Garza

 








Appellant, Guadalupe T. Rivera, was charged by
indictment with the second degree felony offense of aggravated assault with a
deadly weapon; appellant pleaded not guilty. 
See Tex. Pen. Code Ann.
' 22.02 (Vernon Supp. 2004-05).  Appellant was tried by a jury and found
guilty of the offense.  The trial court
sentenced appellant to twenty years= confinement in the Institutional Division of the
Texas Department of Criminal Justice and assessed a fine of $10,000.  The trial court denied appellant=s motion for new trial.  This appeal ensued. 

Appellant=s counsel has filed an Anders brief with this
Court in which he states that he has reviewed the record and concludes that
only two possible issues exist for appeal. 
See Anders v. California, 386 U.S. 738, 744 (1967).  Counsel=s brief further concludes that these issues lack
merit and any appeal in this case would be frivolous.  See id. 
The brief meets the requirements of Anders, as it presents a
professional evaluation showing why there are no arguable grounds for advancing
an appeal.  See Stafford v. State,
813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).  In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has carefully discussed why,
under controlling authority, there are no errors in the trial court=s judgment. 
Counsel certifies that he has served a copy of his brief on appellant
and informed appellant of his right to file a pro se brief.  More than thirty days have passed and no pro
se brief has been filed.  See Tex. R. App. P. 38.6.

I.  Article 38.38 and the Right to Remain Silent








By his first issue, appellant contends that the
trial judge should have sua sponte declared a mistrial as a result of
the prosecutor=s comments on appellant=s invocation of his right to counsel and right to
remain silent.  See U.S. Const. amend. V; see also Tex.
Code Crim. Proc. Ann. art. 38.38 (Vernon 2005).[1]  Appellant argues that the prosecutor=s questions, AYou lawyered up, didn=t you?@ and AYou lawyered up, right?@ were improper because they constituted a comment on
appellant=s invocation of his right to counsel and Fifth
Amendment right to remain silent.  See
Hardie v. State, 807 S.W.2d 319, 322 (Tex. Crim. App. 1991) (holding that
adverse use of evidence that an accused invoked a right or privilege is
constitutionally impermissible).   

The State responds that appellant waived any error
by failing to object to this line of questioning.  See Tex.
R. App. P. 33.1(a) (requiring specific objection and a ruling from the
trial judge to preserve error for appellate purposes). We agree.  

To preserve a complaint for appellate review, a
party must present a timely request, objection, or motion to the trial court
stating the specific grounds for the desired ruling if the specific grounds
were not apparent from the context.  Tex. R. App. P. 33.1(a); Tex. R. Evid. 103; see Blue v. State,
41 S.W.3d 129, 131 (Tex. Crim. App. 2000) (en banc).  Generally, a party=s failure to timely and specifically object at trial
waives error.  See Blue, 41 S.W.3d
at 131.  Specifically, a timely objection
is required to preserve error in the admission of evidence.  Tex.
R. App. P. 33.1(a); Dinkins v. State, 894 S.W.2d 330, 355 (Tex.
Crim. App. 1995) (en banc).  In such
situations, the proper method to preserve error is to (1) make a timely
objection and secure a ruling, (2) request the trial court to instruct the jury
to disregard the statement, and (3) move for mistrial.  Tex.
R. App. P. 33.1(a); Coe v. State, 683 S.W.2d 431, 436 (Tex. Crim.
App. 1984).








Constitutional guarantees may be forfeited by the
failure to raise a timely, specific objection. 
See Saldano v. State, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002)
(finding waiver of Fourteenth Amendment right). 
Nonetheless, in a criminal case, rule of evidence 103(d) authorizes us
to take notice of fundamental errors affecting substantial rights although they
were not brought to the attention of the court. 
Tex. R. Evid. 103(d).  ASome rights are widely considered so fundamental to
the proper functioning of our adjudicatory process as to enjoy special
protection in the system.@  Blue,
41 S.W.3d at 131.  A principal
characteristic of these rights is that they cannot be forfeited.  Id. 
That is to say, they are not extinguished by inaction alone.  Id. 
Instead, an accused must expressly relinquish a fundamental right.  Id. 
However, a comment on a defendant=s
invocation of his right to counsel is not a fundamental error that will be
preserved for appeal without proper objection. 
See Cacy v. State, 901 S.W.2d 691, 699-700 (Tex. App.BEl Paso 1995, pet. ref=d).
Likewise, the right to remain silent is not so fundamental as to require the
special protection of relieving the appellant of the necessity of an
objection.  Wheatfall v. State,
882 S.W.2d 829, 836 (Tex. Crim. App. 1994); Smith v. State, 721 S.W.2d
844, 855 (Tex. Crim. App. 1986). 
Objection is required to preserve the issue.  Wheatfall, 882 S.W.2d at 836; Smith,
721 S.W.2d at 855.  We have reviewed the
record and find that appellant=s counsel did not object and thus failed to preserve
this error for appeal.  See Tex.
R. App. P. 33.1.  Accordingly, we
overrule appellant=s first issue. 

II.  Admission of Photographs

In his second issue, appellant complains that the
admission of State=s exhibits 2 through 10, photographs of the scene of
the shooting, was misleading because the photographs were taken during daylight
hours and the shooting actually occurred at night.[2]









An appellate court reviewing a lower court=s ruling on the admissibility of evidence must apply
an abuse of discretion standard of review. 
Santellan v. State, 939 S.W.2d 155, 172 (Tex. Crim. App.
1997).  The court abuses its discretion
only when the probative value of the photographs is slight and its inflammatory
aspect is great.  See Mathews v. State,
40 S.W.3d 179,185 (Tex. App.BTexarkana 2001, pet. ref=d.).  A
photograph is generally admissible if verbal testimony about the matters
depicted in the photograph is also admissible. 
Emery v. State, 881 S.W.2d 702, 710 (Tex. Crim. App. 1994); Mathews,
40 S.W.3d at 185.

An abuse of discretion does not occur if
discrepancies between the picture and the subject at its relevant time are
properly pointed out.  Johnson v.
State, 583 S.W.2d 399, 404 (Tex. Crim. App. 1979).  The record establishes that defense counsel
cross-examined Officer Corey Tolbert as to the accuracy of the photographs and
as to the fact that the photographs were taken during the day and the crime
occurred at night.[3]  Officer Tolbert testified that, despite the
difference in lighting, the photographs accurately depicted the scene of the
crime and the surrounding area.[4]  The jury was made aware of the lighting
differences.  See id.  No error is shown.  Appellant=s
second issue is overruled. 

III.  Independent Review of Record








As stated above, appellant=s counsel has filed a brief and motion to withdraw
in which he concludes that appellant has no non-frivolous grounds for
appeal.  See Anders, 386 U.S. at
744.  Upon receiving a Afrivolous appeal@
brief, appellate courts must conduct a full examination of all the proceedings
to decide whether the case is wholly frivolous. 
Penson v. Ohio, 488 U.S. 75, 80 (1988).  Having reviewed the entire record, we find
that there are no reversible grounds of error and we affirm the judgment of the
trial court.  

IV.  Motion to Withdraw

In accordance with Anders, appellant=s counsel has asked permission to withdraw as counsel
for appellant.  See Anders, 386
U.S. at 744.  We grant his motion to
withdraw.  We further order counsel to
notify appellant of the disposition of this appeal and the availability of
discretionary review.  See Ex Parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).                                                                                                               

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

 

Concurring Memorandum Opinion

by Justice Errlinda Castillo.

                                                                               

Do not publish.                                              

Tex.R.App.P. 47.2(b)

Memorandum Opinion delivered 

and filed this the 14th day of July, 2005.











[1] Article 38.38 provides:

 

Evidence that a person has
contacted or retained an attorney is not admissible on the issue of whether the
person committed a criminal offense.  In
a criminal case, neither the judge nor the attorney representing the state may
comment on the fact that the defendant has contacted or retained an attorney in
the case.    

 

Tex. Code
Crim. Proc. Ann. art.
38.38. 

 





[2] In his brief, counsel states that
he is complaining of exhibits 2 through 12. 
However, only exhibits 2 through 10 are photographs of the scene.  





[3] Officer Tolbert was one of the
officers present at the investigation of the crime scene. 





[4] 
The photographs in question apparently depicted no more than distances,
landmarks, and the lay of the land. 
Other than the daytime/nighttime distinction, there is nothing inflammatory
in the photographs.